### Texas & Pacific Railway Company v. R. P. Hall.

Delivered October 23, 1897.

**1. Verdict—Evidence Sustaining—Personal Injuries.**

A verdict in an action for personal injuries, sustained by evidence of plaintiff, who was the only eye-witness of the accident, will not be disturbed on appeal.

**2. Practice on Appeal—Statement of Brief Not Sustained by Record.**

A contention in appellant's brief that certain charges were conflicting will not be considered, where there is no such conflict in the instructions as copied in the transcript.

**3. Charge of Court—Requested Instruction Properly Refused.**

A requested instruction which, in so far as it is correct, is covered by the charges given, is properly refused.

**4. Evidence—Self-Serving Declarations—Credibility of Witness.**

Statements which would otherwise be self-serving are admissible when offered to sustain the credibility of a witness whose character has been attacked by proof of conflicting statements.

APPEAL from Taylor. Tried below before Hon. T. H. Conner.

*B. G. Bidwell,* for appellant.

*John Bowyer,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment awarding damages for injuries sustained by appellee while crossing a bridge on appellant's right of way. The case made by the pleadings and evidence on the last trial was not materially different from that stated in the opinion of Justice Hunter on the former appeal, to which we refer for a careful statement of the facts, according to appellee's version. 35 S. W. Rep., 321. The sole defense was a general denial.

Appellant concedes that the evidence was conflicting as to the condition of the bridge, and as to what caused the accident, but contends that the verdict is against the great preponderance thereof. If appellee, who was the only eye-witness to the accident, was worthy of credence, the verdict is supported by the evidence. True, in some things he was contradicted by other witnesses, and it may be that if we had heard his testimony and that of the other witnesses, we would have found against

him; but without disregarding a long line of precedents, we could not now set aside the verdict, supported as it is by the positive testimony of the only eye-witness, of whose credibility the jury and trial judge had the better opportunities of judging.

1. Our first conclusion therefore is, that the verdict is sustained by the evidence in affirming as true the material allegations of the amended petition, upon which the case was tried; and the facts there stated we adopt as our conclusions of fact.

2. The first assignment of error re-raises the question of law disposed of on the former appeal, and is consequently overruled.

3. The contention under the second assignment is that the court gave conflicting charges; but as we find no such conflict in the charges copied in the transcript, though as stated in the brief there may be conflict, this assignment is overruled.

4. The issues made by the pleadings and evidence were sufficiently covered by the charges given, and consequently the court was not required to give the fourth special charge, to the refusal of which the third error is assigned. It bore upon the credibility of the witness, rather than upon any issue made by the pleadings, and would perhaps have given undue prominence to a particular feature of the evidence.

5. The objection to the testimony of appellee, his wife and son, urged in the fourth assignment, is removed by the court's explanation appended to the bill of exceptions. Statements which would otherwise be self-serving are admissible when offered to sustain the credibility of a witness whose character has been attacked by proof of conflicting statements. Stephens v. State, 26 S. W. Rep., 728; Hydon v. State, 31 Texas Crim. App., 401.

6. The fifth and last assignment is covered by conclusion first above announced.

Judgment affirmed.

*Affirmed.*

Writ of error refused.