### CITIZENS' RAILWAY COMPANY V. MRS. MATTIE SINCLAIR.

Decided January 31, 1906.

**Credibility of Witness—Rule on Appeal.**

It is the peculiar province of the jury to pass on the credibility of the witness, and where plaintiff's evidence in a suit on account of personal injuries, though contradicted by other witnesses, sustains a recovery, it will be disturbed on appeal only in exceptional cases.

Appeal from the District Court of McLennan County. Tried below before Hon. Sam. R. Scott.

Mrs. Sinclair was a passenger on a street car, which collided with another car. She testified that she was thrown down and received bruises and injury to the womb and ovaries. The two motormen and a passenger who was sitting by her contradicted her testimony as to being thrown down or apparently injured. She was corroborated as to the existence of injuries by the physician who treated her and the landlady where she boarded, and this fact denied by the defendant's surgeon who examined her about a month after the occurrence.

*Clark & Bolinger,* for appellant.—The great preponderance of the testimony showed conslusively that plaintiff was not injured and could not have been injured by the accident, and the verdict for plaintiff in any sum was manifestly against the weight of the evidence. Missouri, Pac. Ry. Co. v. Somers, 78 Texas, 439; Willis v. Lewis, 28 Texas, 191; International & G. N. R. R. Co. v. Arias, 10 Texas Civ. App., 194; Zapp v. Michaelis, 58 Texas, 275; Houston & T. C. Ry. Co. v. Schmidt, 61 Texas, 286; Mutual Life Ins. Co. v. Tillman, 84 Texas, 35; International & G. N. Ry. v. Hester, 64 Texas, 403; Houston & T. C. Ry. v. Lee, 69 Texas, 556; Block v. Sweeney, 63 Texas, 419; Texas & N. O. Ry. v. Dillard, 70 Texas, 62; League v. Trepagnier, 13 Texas Civ. App., 525.

*J. T. Sluder* and *J. T. Yantis,* for appellee.—When there is evidence to support the verdict of the jury, the court will not interfere to set it aside. Green v. ·Hill, 4 Texas, 468; Wisson v. Baird, 1 Texas Civ. App., 389; Lichtenstein v. Lowenstein, 2 Posey U. C., 384; East Line Ry. Co. v. Boon, 1 S. W. Rep., 632; Insurance Co. of N. C. v. Bell, 60 S. W. Rep., 262; Mitchell v. Matson, 7 Texas, 4; Gulf, C. & S. F. Ry. Co. v. Johnson, 10 Texas Civ. App., 260.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, which, upon trial in the court below, resulted in a verdict and judgment for the plaintiff for $850, and the defendant has appealed, submitting the case in this court upon one assignment of error only, which assignment assails the verdict of the jury and the action of the court in overruling the defendant's motion for a new trial. ·

The plaintiff's case rested mainly, but not entirely, upon her own testimony; and if the jury gave credence to evidence submitted for her, the verdict is supported by testimony. In very material matters the plaintiff was contradicted by three witnesses, one of whom appears to have been disinterested, and the other two were employes of the defendant. There were some other circumstances tending to discredit her, and also some tending to sustain her.

It is the peculiar province of a jury to pass upon the credibility of witnesses; and when they have given credence to some as against others, or even to one, as against others, and the trial judge has refused to grant a new trial, the general rule is that an Appellate Court, considering the case upon written testimony and not having the witnesses before it, should not disturb the verdict. If it be conceded that the rule referred to is not without exceptions, we are of opinion that this case is not so extraordinary as to take it out of the general rule.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.