## C. E. WILLIAMS v. GEORGE HENNEFIELD.

### Decided July 3, 1909.

**1.—Contributory Negligence—Custom.**

To stand upon a window sill, being the usual and customary way of oiling machinery which could not be reached from the floor, an employee could not be charged with contributory negligence in following said custom although the window sill was not primarily intended to be so used and the employer knowing of the custom would be guilty of negligence in permitting said sill to become decayed and insecurely fastened.

**2.—Preponderance of Evidence.**

It is the peculiar statutory right and prerogative of the jury to decide upon the credibility of witnesses and the weight of their testimony, and if they choose to credit one witness, although he may be contradicted by a score of others, an Appellate Court can not on that ground alone disturb the verdict. A preponderance of evidence is not created by the number of witnesses alone.

**3.—Master and Servant—Duty of Inspection.**

A servant has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work are reasonably safe and that the business is conducted in a reasonably safe manner. No duty of inspection rests upon a servant, and, in the absence of knowledge of the defects and the attendant risks, he does not assume the risks arising from a failure of the master to perform his duty. This rule applied where an employee was injured by standing upon a decayed window sill.

Appealed from the Forty-fifth Judicial District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Geo. B. Taliaferro,* for appellant.—While the appellate courts should be careful not lightly to invade the province of the jury, yet it is their duty to "set aside a verdict based upon insufficient evidence, or when the facts disclosed show that it was manifestly against the truth of the case." Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W., 589; Houston & T. C. Railway v. Schmidt, 61 Texas, 285; International & G. N. Ry. v. Arias, 10 Texas Civ. App., 190; Mutual Life Ins. Co. v. Hayward, 88 Texas, 324; Short v. Kelly, 62 S. W., 944; Willis v. Lewis, 28 Texas, 191; Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88.

A servant having equal knowledge with the master concerning the danger of his employment, or equal opportunity to know of such dangers, can not recover for injuries arising therefrom. Texas & P. Ry. Co. v. French, 86 Texas, 98; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 23.

If the danger to which plaintiff subjected himself could have been seen or known by him by the use of ordinary care, he is presumed to have seen and known of the danger, and it is error for the court to frame his charge so that the jury could reasonably conclude that he meant that if the danger was not actually seen or known by him, the master was liable. Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 348; Spence v. Onstott, 3 Texas, 147; Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 23; Baker v. Ashe, 80 Texas, 361.

*Nat B. Jones* and *Davis & Lipscomb,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages arising from personal injuries alleged to have been sustained by appellee through the negligence of appellant in having a defective window sill upon which appellee was, in performance of his duties in oiling the machinery, compelled to stand, and which gave way and caused him to fall, and while falling his right hand was forced through the glass of a window and badly injured. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $5,000.

The evidence justified findings by the jury that appellee was in March, 1907, an employe of appellant, and it was his duty to oil certain machinery located over the dry pan in what was known as the "dry house" in the brick manufacturing plant of appellant, and the machinery being too high to be reached and oiled by appellee while standing on the floor, he, following the usual method used by appellant's employes in oiling the machinery and in pursuance of his duty, stood upon a window sill near by to oil said machinery, and while so engaged the window gave way and appellee was thrown against the window and sustained serious and permanent injuries to his hand and arm. The fall and injuries were caused by the window sill being decayed and being insecurely fastened. The condition of the sill was the result of negligence on the part of the appellant. Appellee was not negligent in getting upon the window sill, that being the usual and customary way employed in oiling the machinery.

These conclusions from the facts dispose of the first, second, third and fourth assignments of error, which assail the sufficiency of the evidence to sustain the verdict. It may be conceded, as stated by appellant, that the only evidence introduced by appellee to sustain his case was his own testimony, and that it was opposed and contradicted by the evidence of appellant, his son and three of his present employes and a former employe. It is the peculiar statutory right and prerogative of the jury to decide upon the credibility of witnesses and the weight of their testimony, and if they choose to credit a witness, although he may be contradicted by a score of other witnesses, an appellate court can not, on that ground alone, disturb the verdict. A preponderance of evidence is not created by the number of witnesses alone. If such a rule prevailed, a just and true man would be at the mercy of an unscrupulous opponent who would seek and doubtless find witnesses ready and willing to support his case. Truth may be in the custody of one man while the multitude may be testifying falsely against him and demanding his crucifixion.

There is nothing improbable in the story related by appellee as to the manner in which he was injured, and, if he is to be credited, he was engaged in oiling the machinery in the manner usually employed by the son, son-in-law and other employes of appellant. It is true that the window was not primarily intended to be used as a means of reaching a position in which to oil the machinery, but if its use for that purpose occurred with the knowledge and acquiescence of appellant, he will be held liable for damages arising from its defects. Labatt, Mast. & Serv., sec. 28.

The duty of inspecting the window did not devolve upon appellee, and unless he knew of the unsafe condition of the window he was not

guilty of negligence in using it in the way it was customarily used by the employes of appellant. Texas & P. Ry. v. O'Fiel, 78 Texas, 486; Bonnet v. Galveston, H. & S. A. Ry., 89 Texas, 72; Texas & N. O. Ry. v. Bingle, 91 Texas, 287; Missouri, K. & T. Ry. of Texas v. Hannig, 91 Texas, 347. Such being the law, the court properly refused charges which made it the duty of appellee to discover defects in the appliances furnished him by his master. The duties devolving upon appellee did not necessarily charge him with the duty of discovering defects in the window sill. Says the Supreme Court in the Hannig case: "We understand the law to be that when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge." This disposes of the fifth and sixth assignments of error.

There was no testimony tending to show that appellee knew that there was a defect in the window sill or that there was any danger in getting upon it to oil the machinery, and the court properly refused to give the charges the refusal of which is complained of in the seventh and eighth assignments of error.

The ninth assignment of error can not be sustained. The court did not err in not placing the duty upon appellee to use ordinary care in discovering the defect in the window sill. No such duty devolved upon him, but he was authorized to act upon the assumption that it was properly constructed for the purposes for which appellant permitted it to be used. The judgment is affirmed.

### ON MOTION FOR REHEARING.

It is contended by appellant that it was not shown that the window was customarily used in the way appellee used it, and that "there is no word of evidence in the record to show that appellant knew of any such custom if it existed." This assertion is made in utter disregard of the testimony of appellee, who swore: "Mr. Stein, the foreman, is the first one I had seen oil it in that way. I had seen him oil the shafting on the window sill and dry pan quite often. He was there from the time I was employed up to about four months before I was injured. I can't say exactly how many times a day during this twelve or fourteen months I had seen him do it; a number of times a day that thing had to have oil; when the thing was running a solid month that would be twenty-six days out of the month; I saw him do it daily. After Mr. Stein went away I saw the foreman, Earl Williams, Mr. Williams' son, oil the shafting up there. I saw him a number of times a day. He stood on the same place I did—the same situation." The jury was justified in finding that a thing was customarily done in a certain way that had been done that way several times a day for eighteen months.

It had reached a chronic stage, if appellee can be credited, and the jury credited him.

As to appellant's knowledge of and presumptive acquiescence · in the custom that had been established in regard to oiling the machinery, appellee testified: "I have seen Mr. Williams in the room when his son oiled the shaft that way; I can't say how often. Sometimes Mr. Williams would be there, then again wouldn't see him for a week. I couldn't say how many times; it was quite a number of times though. . . . I testified a while ago that I oiled that shaft with one foot in the window and the other on the machinery several times in the presence of defendant, C. E. Williams. I did that often. . . . The way I oiled the shaft was the only way it could have been done. It would have been physically impossible for me to oil that shaft without getting up in the window." Appellant made no denial of the fact that the window was used as appellee stated it was, and neither did any other witness. The evidence was sufficient to justify the jury in finding that appellant knew of the customary and habitual use to which the window was put and that he acquiesced in such use.

If, as testified by appellee, it was impossible to perform the duty of oiling the machinery without using the window, as appellee used it, appellant would be liable because the requirement of the performance of a duty which could only be performed by the use of a certain instrumentality was presumptive evidence of the master's authority to use that instrumentality. Labatt, Mast. & Serv., sec. 26, p. 63. The motion for rehearing is overruled.

*Affirmed.*