### DEAN et al. v. FURRH.

(Court of Civil Appeals of Texas. Texarkana. Jan. 30, 1912. Rehearing Denied Feb. 1, 1912.)

1. Trespass to Try Title (§ 40*)—Evidence —Determination of Boundaries—Deeds.

In trespass to try title, where plaintiff claimed by limitation, a deed in his chain of

title, executed by only two of three executors, was admissible to determine the boundaries of the adverse claim.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 55–61; Dec. Dig. § 40.*]

2. TRIAL (§ 234*)—INSTRUCTIONS.

In trespass to try title, a charge on adverse possession, grouping a state of facts under which defendants would be entitled to recover, and containing no restrictions upon their rights, if not as liberal as defendants were entitled to, was not an affirmative misdirection.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538; Dec. Dig. § 234.*]

3. ADVERSE POSSESSION (§ 116*) — INSTRUCTIONS—INCLOSURE OF LAND—"INCLOSED."

A charge in trespass to try title, that on defendant's plea of a five-year limitation he could not recover the land, unless it had been "inclosed" within the lines prescribed by his deed, that the mere fencing and taking possession of the land, without a deed which included it, was insufficient, was not erroneous, since by the term "inclosed" the court meant that the land must be included within the lines of his deed.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 66; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 4, p. 3497.]

4. TRIAL (§ 252*)—INSTRUCTION—CONFORMITY TO ISSUES.

In trespass to try title, where the only evidence as to an agreement between plaintiff's predecessor and a third person was that a certain fence should be a boundary line, an instruction that, if such agreement was made, then both plaintiff and defendant were bound by it, and defendant was entitled to recover, was properly refused, as not in conformity to the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*].

5. TRIAL (§ 260*)—REQUEST FOR INSTRUCTION—INSTRUCTION ALREADY GIVEN.

Where a charge in trespass to try title, that if a line claimed by defendants had been claimed as a boundary by the parties interested in it to find for defendants, was sufficient to cover whatever issue as to such boundary may have been presented by the evidence, a request to charge on the same issue was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

*Appeal from District Court, Harrison County; W. C. Buford, Judge.

Trespass to try title by J. E. Furrh against E. W. Dean and others. Judgment for plaintiff, and defendants appeal. Affirmed.

F. H. Prendergast and James Turner, for appellants. Beard & Davidson and Y. D. Harrison, for appellee.

HODGES, J. The pleadings in this case are those usually employed in litigating the title to real estate, but the court in submitting the issues to the jury treated it as a boundary suit. This is the second appeal. The character of the suit and the nature of the principal issues involved are fully stated in the opinion rendered by Chief Justice Willson on the former appeal. See Dean et al. v. Furrh, 124 S. W. 433. Upon the last trial, a judgment was again rendered in favor of Furrh, the plaintiff below.

[1] In making out his case, the appellee began by offering in evidence the various deeds relied on to connect himself with the common source. To the introduction of each of these, appellants objected, upon the ground that it had not been shown that the grantors in the deeds owned any interest in the land. This objection was without merit, in view of the subsequent developments in the testimony. It was immaterial at which end of the line the appellee began in deraigning his title. One of the deeds was an instrument, executed by T. C. and Mary Hood, as the executor and executrix of the last will of Henry M. Hood, conveying the premises in question, with other lands, to F. M. Hearn. It was shown by the will of Henry M. Hood that A. B. Stone was also named as an executor. Objection was made to the introduction of this deed, upon the ground that Stone had not joined in the execution. The court sustained the objection in part, and limited the purposes of the instrument to that of showing the character and extent of the claims asserted thereunder by Hearn and those who succeeded to his rights. It appears that in his pleadings the plaintiff relied upon a title by limitation, acquired by those under whom he claimed. The testimony showed that F. M. Hearn, to whom this deed had been made, had occupied and claimed the premises in controversy a sufficient length of time to perfect in him a title by limitation under either the five or the ten year statute. The effect of the restrictions imposed by the court was to limit the consideration of this instrument to the purpose of determining the boundaries to which the adverse claim of Hearn extended. We think the deed was admissible for that purpose. It is true, as stated in appellant's brief, that the court did not submit the issue of plaintiff's right to recover by reason of the adverse possession claimed; but that failure did not affect the materiality of the testimony, or detract from its competency. If plaintiff pleaded a title by limitation, and offered evidence authorizing the submission of that issue to the jury, the testimony tending to support that claim was admissible, regardless of the subsequent conduct of the court in omitting to charge the jury with reference thereto.

It is further objected that this deed did not by its terms fix any defined boundaries, and for that reason was not admissible for any such purpose. This, we think, is based upon an incorrect construction of the instrument. The deed called for the lands of Wheeler on the west, under whom the appellants claim. This was sufficient to show that Hearn asserted title under that deed up to Wheeler's line, wherever that might be found; and when Wheeler's line was

located upon the ground that fixed the boundaries to which Hearn claimed under the deed in question.

[2] By the fifth assignment of error, appellants complain of a charge in which the court submitted the issue of limitation, based upon adverse possession, in their favor. In that portion of the charge, the court merely undertook to group a state of facts under which the appellants would be entitled to recover. While that instruction may not have been as liberal a charge upon that issue as appellants were entitled to have, it contained no restrictions upon their rights, and could not be considered as an affirmative misdirection.

[3] Complaint is also made at the giving of the following special charge requested by the appellee: "On defendants' plea of five-year limitation in this case, you are charged that, before they can recover the land under said statute of five years limitation, it is necessary for the land to have been inclosed within the lines prescribed by their deed, which deed must be duly recorded and all taxes paid on such land. The mere fencing and taking possession of the land for a period of five years, without a deed that includes such land, and without paying all taxes, is not sufficient." The error insisted upon in this case is in using the word "inclosed" in the first part of the charge. We do not think the jury could have been misled by that expression. Clearly it was the intention to tell the jury that the land claimed must be *included* within the lines prescribed by their deed, and did not refer to the fact that the lands must have been *inclosed* by any artificial structures on the ground.

[4, 5] It is also contended that the court erred in refusing the following special charge requested by the appellants: "If you believe from the evidence that Mr. Green Wheeler and the Hoods, who then owned a part of the Croft survey, made an agreement, or had an understanding, that the fence running north and south along the west boundary line of the Hood field was located along the west boundary of the Hood portion of the Croft land, then both plaintiff and defendants are bound by that agreed line; and in such case find for defendants Dean and wife." We are referred to no evidence which we think is sufficient to require the court to submit that particular question to the jury. The only testimony in the record which it is claimed tended to show any such agreement between Wheeler and Hood was that of the appellant Dean, who testified that there was an understanding between Wheeler and Hearn, who succeeded the Hoods in the possession and ownership of the land, by which Wheeler was to keep up the south fence and Hearn was to keep up that on the west. This, we think, was insufficient to require the submission of that issue to the jury. The court had previously given a special charge, at the instance of the appellants, instructing the jury, in effect, that if the line claimed by the appellants "had been accepted as the boundary by the parties interested in it" to find for the defendants. This was sufficient to cover whatever issue may have been presented in the evidence touching the existence of an agreed line between the parties owning the the different tracts of land.

Finding no error requiring a reversal of the judgment, it is accordingly affirmed.