FREEMAN v. KENNERLY.

(Court of Civil Appeals of Texas. Austin. Oct. 16, 1912. Rehearing Denied Nov. 27, 1912.)

1. NEGLIGENCE (§ 136*) — EVIDENCE — QUESTION FOR COURT OR JURY.

The question of negligence is one of law only, when from the undisputed facts no inference except that of negligence can reasonably be drawn, or when unprejudiced minds cannot reasonably disagree · as to the facts.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether a brakeman stumbled over a clinker while walking by a moving car, or whether he recklessly placed his foot on the coupler of a car, or of an engine and was thereby injured, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

3. TRIAL (§ 260*) — INSTRUCTIONS — REFUSAL TO GIVE INSTRUCTIONS COVERED BY CHARGE GIVEN.

Where, in an action for injuries to a brakeman, the issue was whether he stumbled over a clinker while walking by a moving car in railroad yards, or whether he recklessly placed his foot on the coupler of a car or of the engine, and the court charged that if in undertaking to make the coupling he voluntarily placed his foot on the coupling apparatus, and thereby received the injury complained of, or if he received his injury in any manner except as alleged in the petition, the verdict must be against him, the refusal to charge that if he placed his foot on the car, or engine and was injured in so doing, the verdict must be against him, without considering any other issue, was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. MASTER AND SERVANT (§ 204*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

Under Acts 29th Leg. c. 163, providing that, in an action against a railroad for injury of an employé, the plea of assumed risk, where the ground of the plea is knowledge of the danger causing the injury, shall not be available where the employer or superior of the employé knew of the defect, or where a person of ordinary care would have continued in the service with knowledge of the defect, etc., a brakeman who knew that clinkers and rocks were scattered over a railroad yard and along the tracks, and that such condition rendered it dangerous to make couplings in the ordinary manner, did not assume the risk of injury by stumbling over a clinker while walking by a moving car, where the yardmaster, whose duty it was to keep the track clean, knew that rocks and clinkers were scattered over the yard and along the track, and that such condition rendered it dangerous for employés, and where it could reasonably be inferred that a person of ordinary care would have continued in the service, notwithstanding knowledge of the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

5. MASTER AND SERVANT (§ 240*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where a brakeman injured by stumbling over a clinker while walking by a moving car to couple it with an engine attempted to perform his duty in the usual manner, and the car was moving slowly, a recovery could not be defeated on the ground that he chose a dangerous way, though he might have walked in the center space between the tracks, or over on another track.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 751–756; Dec. Dig. § 240.*]

6. TRIAL (§ 295*)—INSTRUCTIONS—PROXIMATE CAUSE.

Where, in an action for injuries to a brakeman stumbling over a clinker while walking by a moving car in a railroad yard to couple the car to an engine, the court defined proximate cause as one which in a natural and continuous sequence produces an event, and that, to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable sequence of the negligence, etc., an instruction that if the brakeman while walking struck a clinker, and thereby stumbled and fell, and sustained the injury complained of, he could recover, was not erroneous for failing to state that the negligence of the railroad company must have been the proximate cause of the injury, as all parts of instructions must be considered together in determining their meaning.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

7. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACT.

An instruction requested by a party which assumes a fact denied by the adverse party is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

8. TRIAL (§ 253*)—INJURIES TO SERVANT—INSTRUCTIONS—IGNORING ISSUES.

An instruction in an action for injuries to a railroad employé which ignores Acts 31st Leg. (1st Ex. Sess.) c. 10, providing that the fact that an employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employé, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

9. MASTER AND SERVANT (§ 228*)—CONTRIBUTORY NEGLIGENCE—STATUTORY PROVISIONS.

Acts 31st Leg. (1st Ex. Sess.) c. 10, providing that the fact that the employé suing for a personal injury was guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished in proportion to the amount of negligence attributable to him, makes employers responsible for injuries to their employés incurred by reason of the negligence of the employers, and sufficiently punishes an employé for his negligence by diminishing the amount of damages which he would

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

otherwise be entitled to recover, and, so construed, the statute is valid.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

Appeal from District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by Charles R. Kennerly against T. J. Freeman, receiver. From a judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Fisher, of Austin, and Wilson & Dabney, of Houston, for appellant. T. J. Lawhon, of Taylor, and A. G. Greenwood and Thos. B. Greenwood, both of Palestine, for appellee.

### The Issues of Fact.

JENKINS, J. 1. Plaintiff alleged, in substance, that on September 9, 1909, he was a switchman in the employ of defendant in the yards at Taylor, Tex.; that defendant and his agents and representatives, whose duty it was to exercise ordinary care to keep said yards reasonably safe for the performance of plaintiff's duties, negligently failed to discharge such duty, but. permitted said yard and roadbed to be and continue in a dangerous condition by reason of the accumulation of clinkers and rocks thereon, and that plaintiff on said date, in the performance of his duties, was walking by a moving car, for the purpose of coupling same onto a dead engine, when he stumbled over a rock or clinker, and was thereby caused to fall, and his right leg was caught under a moving wheel and crushed, necessitating the amputation of the same. Defendant alleged that said injury was caused, not by plaintiff's stumbling and falling, but by his recklessly placing his foot on the coupler of the car or of the engine; in other words, that he went between the moving car and the dead engine, and attempted to kick the knuckles of the coupler either on the car or on the engine into place, so that the coupling would be made by the impact. The couplers were automatic, but sometimes the knuckles got out of place, and in such event they had to be put in place before the coupling could be made. This might be done by a bar from the outside, or by the brakeman signaling the train to stop, and going in and arranging the knuckles with his hands, either of which ways would have been safe, and would have been an ordinary way to make such coupling, or the switchman might have kicked the knuckle into place, which would not have been the ordinary way, nor one of the methods provided by the defendant, but would have been a dangerous way, not justified by ordinary prudence. Upon this issue the court instructed the jury as follows: "(9) If you find that in undertaking to make a coupling between the moving car and the dead engine the plaintiff voluntarily placed his foot on the coupler or coupling apparatus of the car or engine, and that he thereby received the injury complained of, or if you believe that he received his injury in any manner except in the manner substantially as alleged by him in his petition, then you will find for the defendant." The jury returned a verdict in favor of plaintiff, and assessed his damage at $8,000. It is not assigned that the verdict is excessive.

[1, 2] 2. Appellant's first assignment of error is upon the refusal of the court to instruct a verdict for the appellant. This is based upon the assumptions, first, that appellee was injured by reason of his attempting to kick the knuckle of the coupler into place; and, second, that he was guilty of contributory negligence. The question of negligence becomes one of law when from the undisputed facts no inference, except that of negligence, can reasonably be drawn, or when unprejudiced minds could not reasonably disagree as to such facts. Such is not the case here as to the manner in which appellee was injured. He testified that the train was backing in on track No. 2 for the purpose of coupling onto a dead engine; that he was the rear switchman, and was walking by the side of the moving car near the end of the same, and just before said car reached the engine that he fell over a rock or clinker, and his right leg was caught under the moving wheel and crushed; that he was on the outside of the track when he fell; that he did not go in between the cars at all, and that he did not kick or attempt to kick the knuckle, or put his foot upon the same. The appellant's testimony tended strongly to refute this evidence, but it was the peculiar province of the jury to decide upon the contradictory evidence. This issue was clearly submitted to them, as we have seen from the excerpt of the charge given by the court and above set out. Threadgill v. Wells, 143 S. W. 343; Railway Co. v. Krenek, 138 S. W. 1155; Avant v. Watson, 57 Tex. Civ. App. 304, 122 S. W. 587; Brockerage Company v. Barkley, 128 S. W. 432; Railway Co. v. Holland, 27 Tex. Civ. App. 397, 66 S. W. 69; Williams v. Hennefield, 57 Tex. Civ. App. 54, 120 S. W. 568; Railway Co. v. Sinclair, 41 Tex. Civ. App. 519, 93 S. W. 703; Railway Co. v. Hall, 17 Tex. Civ. App. 45, 43 S. W. 26.

[3] 3. Appellant requested the following charge, which was refused: "If from the evidence you believe that the plaintiff, Charles R. Kennerly, placed his right foot on either the dead engine or moving box car, and was injured in so doing, you will return a verdict for the defendant, without considering any other issue which may be submitted to you." The court did not err in refusing to give this charge, though it correctly embodies the law of the case, for the reason that the same was substantially given as above set out.

[4] 4. Appellant cites authority in support

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of his contention that if the employé knew of the danger or the same was so obvious that he might have learned it in the ordinary discharge of his duty, he assumes the risk, and the employer is not liable. The evidence in this case shows that the appellee knew that clinkers and rocks were scattered over the yard and along the track, and that he knew that such condition rendered it dangerous to switchmen in attempting to make couplings in the ordinary manner in which they were made. These authorities will not avail appellant, by reason of Acts 1905, c. 163, p. 386, which is as follows: "Section 1. That in any suit against a person, corporation or receiver operating a railroad or street railway for damages for the death or personal injury of an employé or servant, caused by the wrong or negligence of such person, corporation or receiver, the plea of assumed risk of the deceased or injured person, where the ground of the plea is knowledge or means of knowledge of the defect and danger which caused the injury or death, shall not be available in the following cases: First. Where such employé had an opportunity before being injured or killed to inform the employer or a superior entrusted by the employer with the authority to remedy or cause to be remedied the defect, and does notify or cause to be notified the employer or superior thereof within a reasonable time, provided it shall not be necessary to give such information where the employer or such superior thereof already knows of the defect. Second. Where a person of ordinary care would have continued in the service with the knowledge of the defect and danger and in such case it shall not be necessary that the servant or employé give notice of the defect as provided in subdivision 1 hereof."

The evidence in this case shows that the yardmaster, whose duty it was to keep the track clean, knew that rocks and clinkers were scattered over said yard and along the track, and that such condition of the yard rendered it dangerous for those employed as was the appellee at the time of his injury. It may reasonably be inferred from the evidence in this case that a person of ordinary care would have continued in the service of appellant, notwithstanding his knowledge of such danger; it appearing from the testimony that a great number of switchmen and yardmen had continued in the service of appellant in the yard at Taylor, notwithstanding said condition. Railway Co. v. Gasscamp, 69 Tex. 546–548, 7 S. W. 227; Railway Co. v. Engelhorn, 24 Tex. Civ. App. 324, 62 S. W. 561, 562; Railway Co. v. Waller, 27 Tex. Civ. App. 44, 65 S. W. 212; Williams v. Hennefield, supra. The tenth paragraph of the court's charge is as follows: "If you believe from the evidence that plaintiff's injury was the result of a risk ordinarily incident to the services in which he was engaged, then you will find for the defendant on the issue of assumed risk. Or, if you believe from the evidence that the injury to plaintiff resulted from the negligence, if any there was, of the defendant in the manner as alleged by plaintiff in his petition, but if you further believe that such negligence, if any, and the risk arising therefrom, if any, was known to plaintiff or would have been known to him by the exercise of ordinary care in the discharge of his duties, and that a person of ordinary care would not have continued in the defendant's service with knowledge of such risk, if any, and that no superior, with authority from defendant to cause the defects in said roadbed and yard, if any, to be remedied, had actual knowledge of same, if any, for a reasonable time prior to plaintiff's injuries, then you will find for the defendant on the issue of assumed risk. But if you find that plaintiff's injury was the proximate result of the negligence, if any, of defendant in the manner as alleged by him, and that a person of ordinary care would have continued in the service of the defendant with knowledge of the negligence, if any, and the danger, if any, arising therefrom, or if you find that a superior had been intrusted by defendant with authority to cause the defects in defendant's roadbed and yards, if any, to be remedied, and that such superior, if any there was, had actual knowledge of the defects in said roadbed and yards, if any, for a reasonable time prior to the plaintiff's injury, then the defense of assumed risk would not be available to the defendant."

[5] 5. There is nothing in the contention that appellee cannot recover for the reason that he chose a dangerous way in which to perform his duty, when he might have performed it in a safer way, and thereby assumed the risk. He was attempting to perform his duty in the usual and customary manner; that is to say, he was walking beside the car and near the end of the same where he could see if the cars made the coupling. The cars were moving slowly, at the rate of three or four miles an hour. It is true that he might have walked in the center space between the tracks, or over on another track, and had he done so he would not, in case he fell, have fallen under the cars, but in neither of these positions would he have been discharging his duty in the usual and ordinary manner; and, under such conditions, the alternative of choosing a safer way in which to perform his duties was not presented. Railway Co. v. Keefe, 37 Tex. Civ. App. 588, 84 S. W. 681.

6. Appellant complains of the fifth paragraph of the charge of the court, which is as follows: "An employé of the receiver of a railroad company is held in law to assume such risks as are ordinarily incident to the service he is employed to perform. But a risk which arises from the negligence of the receiver is not such a risk as is ordi-

narily incident to the service, and is not such a risk as is assumed by the employé, unless the negligence and the risk arising therefrom be known to him, or would be known to him by the exercise of ordinary care in the discharge of the duties of his service. And, where the risk is known to the employé or would be known to him by the exercise of ordinary care, the risk is not assumed by him, and is not available as a defense, where a person of ordinary care would have continued in the service with knowledge of the defect and danger, nor where a superior intrusted by the receiver with authority to cause the defect to be remedied has actual knowledge thereof for a reasonable time prior to an injury caused thereby." This charge presents the law, as we understand it, under the act of 1905 above referred to. The authorities cited by appellant to sustain his contention that this charge is erroneous are cases decided prior to the passage of said act of 1905.

[6] 7. Appellant complains of the eighth paragraph of the charge of the court, for that it does not instruct the jury that appellant's negligence must have been the "proximate cause" of appellee's injury. The part of the charge complained of is as follows: "And that he (appellee) was walking upon the portion of defendant's roadbed and yards provided for that purpose, and that while so engaged his feet, or one of them, struck one of said clinkers or rocks, if any, and that plaintiff was thereby caused to stumble and fall to the ground, and that his right leg was caught and crushed beneath the moving wheels of the car next to the dead engine, and that he thereby sustained the injuries alleged in his petition, then in such case you will find for the plaintiff," etc. We think it immaterial that the words "proximate cause" are omitted from said charge. The words, "that he was thereby caused to stumble and fall" and "that he thereby sustained the injuries alleged in his petition," must have conveyed the same idea to the minds of the jury as would the words "proximate cause." "It is not always essential to a correct charge that the word 'proximate' should be used. It is enough if the instructions convey the idea with sufficient clearness to impress upon the minds of the jurors the fact that the negligence complained of was the responsible cause of the injury." Railway Co. v. Reames, 132 S. W. 978. In this case the evidence does not suggest any cause other than the condition of the track, except that the appellee went in front of the moving car and attempted to kick the knuckle; and this issue, as we have seen, was submitted to the jury by another paragraph of the charge. All parts of the charge must be considered together in determining its meaning. The court in the sixth paragraph of its charge defined "proximate cause" as follows: "The

'proximate cause' of an injury, as the term is used in this charge, is a cause which in a natural and continuous sequence, unbroken by any new cause, produces an event and without which the event would not have occurred; but, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear from the evidence that the injury was the natural and probable sequence of the negligence and ought to have been foreseen as likely to occur, by a person of ordinary prudence, in the light of the attending circumstances." And in the seventh paragraph of said charge the court instructed the jury that. the receiver would be liable if injury proximately resulted from his negligence, if any.· If appellee was injured as he testified, by reason of stumbling on a clinker or rock while in the performance of his duties, and appellant had permitted said rocks or clinkers to accumulate and remain on said road and in doing so was guilty of negligence (which issues were submitted by the court to the jury), there can be no question as to what was the proximate cause of his injury.

[7, 8] 8. Appellant complains of the refusal of the court to give the following special instruction: "If from the evidence you believe the plaintiff sustained the injuries for which he sues by one of the wheels of the train of cars running over or against his right leg, you will nevertheless return a verdict for the defendant if you further find that an ordinarily prudent person in the exercise of ordinary care would not have gotten in front or in the path of the approaching train, but would have remained a sufficient distance out of or from same to avoid being injured by the moving train, and that. the plaintiff's failure, if any, in this respect, constituted negligence as that term has been defined, which directly and proximately caused plaintiff's injury." The vice in this requested charge is, first, that it assumes that appellee got in front or in the path of the approaching train, which is denied by appellee; and, second, it ignores Act 1909, p. 279, which provides that "the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé." The court on this matter charged the jury that if appellee was guilty of contributory negligence in walking along and near the side of the moving train, and that such negligence contributed to the injury complained of, and the jury should find for the plaintiff under other instructions, they should take into consideration the elements of damages as in said charge directed, but should diminish the damages that they might award appellee, if any, in proportion to the amount of negligence, if any, attributable to him.

[9] 9. Appellant assails the act of 1909

with reference to contributory negligence as being unconstitutional. He contends that this act makes employers insurers of the safety of their employés. We do not so understand it. It makes employers responsible for injuries to their employés incurred by reason of the negligence of such employers. No recovery can be had under said act unless the employer was guilty of negligence, and such negligence is shown to be the proximate cause of the injury. It is true that under the common law employers were relieved from all responsibility for their negligence, however gross, if the employé was also guilty of negligence, and his negligence contributed to the injury; but the statute referred to has, as we think wisely and justly, abolished this harsh rule of the common law. It sufficiently punishes the employé in such case for his negligence by diminishing the amount of damages which he would otherwise be entitled to recover. The constitutionality of this act is not an open question in this state. Railway Co. v. Foth, 101 Tex. 143, 100 S. W. 175; Railway Co. v. Bailey, 53 Tex. Civ. App. 295, 115 S. W. 607; Freeman v. Swan, 143 S. W. 728; Railway Co. v. Taylor, 134 S. W. 820; Railway Co. v. Alexander, 117 S. W. 932; Railway Co. v. Matkin, 142 S. W. 609.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.