HANS NAGLE v. THE STATE.

No. 2589. Decided June 25, 1913.

</div>

**Carrying Pistol—Conflict of Testimony.**

　　Where, upon trial of unlawfully carrying a pistol, the State's evidence sustained the conviction and was not shown to have been false, and defendant's testimony was simply in conflict with the State's testimony, there was no reversible error.

Appeal from the County Court of Burleson. Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Jesse Garrett,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying a pistol in violation of the statute.

The issue is one of fact, there being no legal question raised. It is a conceded fact that appellant was a mail carrier; that going along the road a man named Broaddus, who had a negro in the wagon with him, run into appellant's horse and caused him to jump. This seemed to be practically the only thing about which the witnesses fully agree. Broaddus and the negro both testified when this happened appellant jerked

his pistol and presented it at Broaddus, or rather upon both the negro and Broaddus. Appellant denied having the pistol, and introduced evidence to the effect that he did not own a pistol. He introduced one witness at whose house he lived. This witness testified that he, witness, owned a 38-calibre pistol which hung in the room occupied by appellant. The State's witnesses show the pistol presented by appellant on the occasion in question was a 38-calibre pistol. There is quite a lot of testimony going into details and side matters, but the issue is fairly presented by appellant that he did not have a pistol, and by the State that he did. The case was submitted to the court without a jury, and he found against appellant's contention and testimony. Under this condition of the record we would not be justified in reversing the judgment. Appellant cites us to the case of Threadgill v. Wells, 143 S. W. Rep., 342, to the effect that where the testimony is false the judgment should be reversed. The writer very fully endorses that authority and that contention, and if it was shown that the testimony of Broaddus and the negro was false the writer would unquestionably agree to a reversal of the case, but the trouble with appellant's contention is, two witnesses swear to the exhibition of the pistol by appellant, and appellant denies it. The court decided that the State's testimony was true, and this court would not be justified in holding that the trial court was incorrect. He saw the witnesses and heard them testify. In order to maintain the proposition asserted by appellant the testimony for the State must be shown to be false, and the question of doubt between the parties was settled by the court adversely to him.

The judgment, therefore, will be affirmed.

*Affirmed.*