DECATUR COTTON SEED OIL CO. v. TAYLOR. (No. 8270.)*

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 20, 1915. Rehearing Denied Jan. 8, 1916.)

1. MASTER AND SERVANT ⚙⇒270—ACTIONS FOR INJURIES—ISSUES, PROOF, AND VARIANCE.

Where an employé was directed by his foreman to use a running board in oiling machinery, this constituted a furnishing of the board for such use within an allegation that the board was so furnished; and hence evidence as to such direction was not inadmissible, though there was no specific charge of negligence in giving such direction.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. ⚙⇒270.]

2. MASTER AND SERVANT ⚙⇒235—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE—DUTY OF INSPECTION.

An employé directed by his foreman to use a running board in oiling machinery was not compelled by law to make an inspection to see whether or not the board had been fastened to its supports, but had a right to assume that it was secure.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. ⚙⇒235.]

3. TRIAL ⚙⇒412—ERRORS—WAIVER.

In an employé's action for injuries, caused by a running board on which he was standing slipping, a witness testified for plaintiff, over objection, that the running board was replaced and fastened after plaintiff fell from it. Defendant introduced a photograph made after the accident showing conditions to be exactly the same as at the time of the accident, with certain minor exceptions, and a witness testified without objection concerning the running board as shown in the photograph. Held, that any error in admitting the testimony that the board was replaced and fastened after the accident was waived.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 182, 974–977; Dec. Dig. ⚙⇒412.]

4. TRIAL ⚙⇒120—ARGUMENT OF COUNSEL—PROPRIETY OF REMARKS.

In an employé's action for injuries, he testified on cross-examination that he had refused C.'s request that he submit to a physical examination by physicians other than his own physician, and on redirect examination that the employer never asked him to submit to examination by any other doctor, that C. did not purport to represent the employer, that the representatives of the employer made no such request. In his argument plaintiff's counsel, referring to plaintiff's refusal to submit to an examination by a physician chosen by C., asked who C. represented, stating that the employer did not claim him and was ashamed of him, and that he did not know whom he represented. One of defendant's attorneys remarked that C. was attorney for the defendant; whereupon plaintiff's counsel replied that he was also attorney for somebody else. It was claimed that this was calculated to induce the jury to believe that C. was representing presumably an insurance company. The court refused to restrain plaintiff's counsel or warn the jury not to consider the remarks, but in his written charge instructed them not to consider those remarks. Held that, in view of plaintiff's testimony, which was not controverted, the argument was not improper, especially as the jury was instructed not to consider it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. ⚙⇒120.]

5. TRIAL ⚙⇒125—ARGUMENT OF COUNSEL—PROPRIETY OF REMARKS.

In an action against a corporation for injuries, plaintiff's counsel, referring to a request that plaintiff submit to an examination by a physician other than his own physician, said that this was a scheme which corporations resorted to, but upon objection by defendant he remarked that he would withdraw the word "corporations" and submit "this corporation." Held that, even though these remarks were unsupported by proof, they did not constitute reversible error, where no probable harm was shown.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303–307; Dec. Dig. ⚙⇒125.]

6. TRIAL ⚙⇒125—ARGUMENT OF COUNSEL—PROPRIETY OF REMARKS.

In an employé's action for injuries, plaintiff's counsel in his argument stated that defendant should apply to the payment of plaintiff's doctor bill, which it owed, money it was paying to a stenographer to take down his argument. Held, that the remark that defendant justly owed the bill was not improper, and it was not likely that the mere hiring of the stenographer to report the argument aroused any prejudice against defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303–307; Dec. Dig. ⚙⇒125.]

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by A. N. Taylor against the Decatur Cotton Seed Oil Company. From a judgment for plaintiff, defendant appeals. Affirmed.

⚙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

182 S.W.—26  *Application for writ of error pending in Supreme Court.

Lockett & Rowe, of Ft. Worth, R. E. Carswell, of Decatur, and H. T. Cooper, of Ft. Worth, for appellant. Sullivan & Hill, of Denton, L. D. Ratliff, of Decatur, and Luther Hoffman, of Denton, for appellee.

DUNKLIN, J. J. A. N. Taylor was employed by the Decatur Cotton Seed Oil Company in the capacity of oiler of its machinery. While attempting to oil a bearing of what is called the line shaft, one end of the running board upon which he was standing slipped from its support, and thus caused him to fall to the floor beneath, a distance of some 10 or 12 feet. This suit was instituted by him against the company to recover damages for personal injuries sustained as a result of said fall, and from a judgment in his favor, the defendant has appealed.

Plaintiff alleged, in substance, that the defendant had theretofore fixed and used the running board as a support for the oiler while performing the service he was performing when he fell, and that in furnishing the same defectively constructed and insecurely fastened defendant was guilty of negligence which was the proximate cause of his injury.

One of the contentions of appellant is that the evidence conclusively shows that the running board was placed and used for the purpose of repairing a coupling on the line shaft which occasionally got out of order, and was not provided or intended for the use plaintiff was making of it at the time of the accident, that another and safe place convenient and available to plaintiff for performing that service had been provided, and that in voluntarily abandoning that place and resorting to the running board in its stead he was guilty of contributory negligence which was the proximate cause of his injury.

While the evidence introduced by the defendant strongly tended to establish those facts, yet the same was controverted in a material respect by evidence offered by plaintiff, which was, in effect, that Mr. Mitchell and Mr. Fields, two of defendant's employés, had instructed him to so use the running board; that he had used it in that manner for some three weeks prior to the accident, oiling the same bearing three times a day; that the oiler who preceded him had made the same use; and that only one side of the bearing in question could be oiled at the place, which, according to defendant's testimony, was the only place provided for oiling it. According to other testimony, Mr. Mitchell was defendant's foreman in charge of the operation of the mill, and not plaintiff's fellow servant, as further contended by appellant.

[1] If plaintiff was directed by the foreman to so use the running board in the discharge of his duties, that would constitute a furnishing of the board for such use within the purview of the allegations of plaintiff's petition; and hence we overrule appellant's proposition that such proof was not available to plaintiff, in the absence of a specific charge of negligence in giving such direction to plaintiff. 3 Labatt's Master & Servant, § 923; Williams v. Hennefield, 57 Tex. Civ. App. 54, 120 S. W. 567.

[2] We are of opinion further that the evidence does not show conclusively, as contended by appellant, that the insecure condition of the running board was so patent and open to common observation that plaintiff must necessarily have known it, and hence should be held to have assumed the risks incident to using the board as he did use it. He was not compelled by law to make an inspection to see whether or not it had been fastened to its supports, but had the right to assume that it was secure, and the absence of nails or some other character of fastenings might well escape the notice of one walking or standing upon it, relying upon the assumption that it was safe for such use.

[3] Complaint is made of the admission of the testimony of W. E. Mitchell that the running board was replaced and fastened after plaintiff fell from it. The ground of defendant's objection to that testimony was that it was irrelevant, immaterial, and prejudicial to defendant, "in that the jury might infer negligence upon the part of defendant because it replaced the plank and fastened it after the accident." In approving the bill of exception reserved to that ruling, the trial judge certified that defendant introduced in evidence a photograph made after the accident, showing conditions to be exactly the same as they were at the time of the accident, except that one or two belts had been removed from the pulleys, and that witness Moss, without objection, had testified concerning the running board as shown in the photograph. Under such circumstances the error, if any, in admitting the testimony of Mitchell last referred to was waived. Hitson v. State Nat. Bank (Sup.) 14 S. W. 993; W. U. Tel. Co. v. Gorman, 174 S. W. 925; Jordan v. Johnson, 155 S. W. 1195.

Another assignment of error presented to the action of the court in admitting testimony of W. F. Reynolds, substantially to the same effect as that of Mitchell last discussed, is overruled for the same reason.

[4, 5] Another assignment is predicated on alleged improper argument shown in a bill of exception contained in the record, from which it appears that, in his closing argument to the jury, Mr. Hill, counsel for plaintiff, said:

"No; we did not advise Taylor to submit to examination by a physician chosen by Mr. Cooper. Who does he represent. The oil mill does not claim him. In God's name who? I don't know. The oil mill is utterly ashamed of him."

Mr. Carswell, for defendant: "He is attorney for the defendant."

Mr. Hill: "He is attorney for somebody else, too."

To which language of plaintiff's counsel defendant then and there objected, on the ground that it was not supported by any evidence in the record, immaterial to any issue in the case, and calculated to induce the jury to believe that Mr. Cooper was not representing defendant, but some one else (presumably the insurance company).

From another bill of exception, upon which a like assignment is based, it appears that during the same argument counsel used this language:

"Why, they sought to show that there was no injury, and yet it was time foolishly wasted, unless you say that Dr. Ingram is a liar. 'Submit him to our physician!' That is a scheme the corporations resort to."

Mr. Carswell, for the defendant: "I object to that remark, your honor, 'That is a scheme that corporations resort to.'"

Mr. Hill: "I recall 'corporations,' and submit 'this corporation.'"

To which defendant objected, because not warranted by any evidence, inflammatory, and prejudicial to defendant, in that it was calculated to induce the jury to doubt the sincerity of defendant in requesting plaintiff to submit to an examination by physicians for the purpose of determining the extent of his injuries.

In each instance mentioned the court was requested to restrain counsel for plaintiff and to warn the jury not to consider said remarks. But those requests were refused, except, when the remarks shown in the first bill were made, the court admonished Mr. Hill to "keep in the record." Later, however, the court by written charges instructed the jury not to consider those remarks of plaintiff's counsel.

Upon cross-examination of plaintiff by Mr. Cooper for the defendant he admitted that he had refused Mr. Cooper's request to submit to a physical examination by physicians other than Dr. Ingram for the purpose of determining the extent of his injuries. On redirect examination by his own counsel he testified as follows:

"The Decatur Cotton Oil Mill never asked me to submit to examination of any other doctor besides Dr. Ingram; never did at any time. This gentleman [referring to Mr. Cooper] did not purport to represent the Decatur Cotton Seed Oil Mill; didn't tell me who he represented. Mr. Moss, representing the Decatur Cotton Seed Oil Mill, never did request me to submit myself to any other physician than Dr. Ingram, nor did Mr. Mitchell. I did not feel that I was under obligation to submit myself to the examination of a physician chosen by Mr. Cooper."

In view of that testimony, we do not think that the argument set out in the first bill of exception referred to was improper, especially as it does not appear that the truth of such testimony was controverted by any other witness, and as the court expressly instructed the jury not to consider the argument.

Even if the court, over defendant's objection, had admitted proof of a custom of de-

fendant to request all persons claiming damages for personal injuries sustained while in its employment to submit to an examination by physicians for the purpose of ascertaining the true nature and extent of such injuries, perhaps the ruling would be held harmless error at all events, since we fail to perceive how such evidence could in any manner tend to prejudice the jury against the company. Its tendency more likely would be favorable to the company. And, while the remarks of counsel objected to and shown in the second bill of exceptions were without proof to support them, we do not think they show probable harm, and therefore reversible error, especially in view of the court's written instruction to the jury not to consider them.

[6] Another assignment of error is predicated on further remarks of counsel in the same argument, in effect, that defendant should apply to the payment of plaintiff's doctor's bill which it owed, money it was paying to the stenographer for takng down that argument; the court failing to sustain defendant's objection thereto made at the time on the ground that there was no evidence to support such argument, and failing to exclude the remarks by any instruction to the jury. It is not likely that the mere fact of hiring a stenographer to report the argument aroused any prejudice against the defendant in the minds of the jury; and the remaining portion of the remarks that defendant justly owed plaintiff his doctor's bill clearly was not improper.

Upon a careful consideration of the evidence, we are unable to say that the judgment was so excessive as to require a reversal, as is earnestly insisted by appellant in another assignment.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.