## STANLEY v. LIEB et ux.
### No. 2899.

Court of Civil Appeals of Texas. Eastland.
Oct. 12, 1951.

Rehearing Denied Nov. 2, 1951.

L. H. Welch, Breckenridge, for appellant.

Thomas L. Blanton, Albany, for appellees.

## PER CURIAM.

Frederick G. Lieb and wife, Helen Lieb, instituted this suit against Leon H. Stanley for damages growing out of an alleged breach of a contract for the construction of a residence. Based upon a verdict on special issues, the court rendered judgment for the Liebs against Stanley for $1,500. Stanley had appealed.

The jury found that Stanley breached his contract to construct the house; that the difference between the contract price and the reasonable worth of the building, if same had been constructed according to plans and specifications, was $1,500; that the Liebs, by agreement, did not extend the time for beginning the building until after Stanley had completed a gymnasium at Cisco. The evidence discloses that appellant and appellees entered into a written contract on July 20, 1950, whereby appellant agreed to build a residence and two-car garage in Albany, according to certain plans and specifications and that the same was to be completed on or before November 15, 1950, for the sum of $9,735. Construction of the house was never commenced.

At the time of the execution of said contract, appellee executed a promissory note in the amount of $9,735, together with a mechanic's lien upon the lot where the house was to be built. This note and lien together with the plans and specifications, were delivered to appellant. After many conversations and much correspondence between the parties, the appellees, on November 16, 1950, instituted this suit and also applied therein for an order directing appellant to appear and show cause why he should not be required to return the $9,735 note, mechanic's lien and other papers in connection with the loan. A hearing was had upon such application and the court entered an order requiring appellant to return said papers, which he then did in open court.

By points One, Two and Three, appellant contends the evidence is insufficient to show that appellant breached his contract. He makes the contention that appellees agreed to extend the time for commencement of the work on the residence until after he had completed construction of a gymnasium at Cisco. He says the court erred in requiring appellant to surrender to appellees the mechanic's lien and other papers in connection with the contract; that the court erred in not instructing a verdict in favor of appellant and in submitting issue No. 1 inquiring whether appellant had breached the contract. In short, it is his contention the evidence conclusively establishes that appellees agreed to an extension of time for commencement of the work and that he had not breached the contract. The statement of facts is very voluminous. We have given it our careful consideration and have concluded that the evidence raises an issue of fact as to whether appellant breached his contract. The trial court, therefore, did not err in submitting the

case to the jury. We are also of the opinion the trial court did not commit error in requiring appellant to surrender to appellees the papers in connection with the contract. However, we are of the opinion that the order of the court directing appellant to return said papers was not admissible in evidence.

By point Six, appellant asserts the trial court erred in submitting special issue No. 2, inquiring as to the difference between the contract price and the reasonable worth of the building, if same had been constructed in accordance with the plans and specifications. This point must be sustained. The trial court submitted the measure of damage that has been approved by the Supreme Court of this State in the case of City of Sherman v. Connor, 88 Tex. 35, 29 S.W. 1053. The court, in that case, held that where a contractor breaches a building construction contract the measure of damages is the difference between the contract price and what the property would have been worth if completed according to the contract. All the authorities seem to hold that the owner is entitled to recover the benefit, or profit, he would have reaped from performance of the contract. We have searched this record and are unable to find any evidence showing the value of the residence if it had been constructed according to the plans and specifications. The value of a building and its cost may greatly differ. Consequently, the answer of the jury has no support in the evidence and cannot form the basis for the judgment.

Appellees, by cross-assignment, contend the court erred in refusing to grant their motion for an instructed verdict, directing the jury to render a verdict in their favor in the sum of $3,765, the difference between the contract price of $9,735 and a proposal made by V. D. Witcher, another contractor, to build the residence according to the original plans and specifications. The only evidence on this question comes from appellee, Mrs. Helen Lieb. She testified that, after appellant breached his contract, Witcher submitted a proposal in writing wherein he agreed to construct the building according to the plans and specifications for $13,500. She testified that she and her husband were unable to raise this amount and, consequently, were compelled to change the plans and specifications, eliminating therefrom many of its features. She testified that the following were eliminated: a two-car garage, a patio, a chimney constructed of Lueders Stone, and many other features. She testified as to the cost of the features thus eliminated.

There is no evidence in the record as to whether the $13,500 bid submitted by Mr. Witcher was reasonable. We recognize that under the contract, the court could have properly submitted to the jury the reasonable cost of constructing the residence according to the original plans and specifications and, upon a jury finding, could have rendered judgment for the difference, if any, between the contract price and the reasonable cost of constructing the building. However, if the evidence raises the issue, a question which we do not pass upon, it is not conclusive and before a judgment could be based thereon, a favorable finding must be had upon this issue. As heretofore stated, the only evidence on the issue came from Mrs. Lieb, a party to the suit. The law is well settled that as to the testimony of an interested witness, the jury has no right, arbitrarily, to disregard the positive testimony of an unimpeached and uncontradicted witness, but the mere fact that the witness is interested in the result of the suit is sufficient to require that the credibility of his testimony be submitted to the jury. In other words, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict. Simmonds v. St. Louis, Brownsville and Mexico Railway Company, 127 Tex. 23, 91 S.W.2d 332; Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447; Mills v. Mills, Tex.Com.App., 228 S.W. 919; Anderson v. Freeman, Tex.Civ.App., 100 S.W. 350; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 87 S.W.2d 503; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80. Furthermore, the testimony of the witness, Mrs. Lieb, as to the cost of the items eliminated from the construction is her opinion there-

230

on and it is well settled that opinion evidence is not conclusive, but merely raises an issue of fact and must be submitted to the jury. The court properly overruled appellees' motion for an instructed verdict. Simmonds v. St. Louis, Brownsville & Mexico Railway Co., supra; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; Pacific Fire Ins. Co. v. Smith, Tex.Civ.App., 202 S.W.2d 328; Coxson v. Atlantic Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943.

We doubt that Mrs. Lieb was sufficiently qualified to testify as to the cost of the items eliminated from the construction. Appellees also complain because the court refused to give them judgment for their attorney's fee. This item was not recoverable in this case and the court did not err in so holding.

We have given this case our most careful consideration and have concluded the same must be reversed and the cause remanded for a new trial.