**WARLICK PRESS, INC., Appellant,**

v.

**LANTEX CONSTRUCTION COMPANY,**
**Appellee.**

**No. 20.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 30, 1964.

Dean Carlton, Turner, Atwood, Meer & Francis, Dallas, for appellant.

Robert E. Burns, Burford, Ryburn & Ford, Dallas, for appellee.

MOORE, Justice.

Plaintiff, Lantex Construction Company, a corporation, brought this suit against Warlick Press, Inc., defendant, alleging that the defendant breached an oral contract by failing and refusing to pay an agreed fee for plaintiff's services in preparing and furnishing written plans and specifications for a proposed building. The parties will be referred to as they appeared in the Trial Court.

Plaintiff plead that the defendant agreed to pay plaintiff 6% of the construction cost of the proposed building, as a fee for services in the preparation of the plans and specifications, if in the event the contract for construction thereof should be awarded to some other builder, other than plaintiff.

Defendant, both by its pleadings and the evidence, denied that it ever entered into any such contract or promised any fee for the preparation of the plans and specifications.

The record shows that the plaintiff was not awarded the contract and did not build the building. The contract was awarded to Mr. Edgar A. Guest, who built the building.

The record further shows that Lantex Construction Company is a corporation and that Mr. A. A. Lander at all times pertinent to this suit was its president. He was the only witness called to testify on behalf of the plaintiff in connection with the alleged contract and cost of construction. According to Mr. Lander's testimony, after several months of negotiation and assistance to the officials of the defendant company in launching their building program, he was instructed to prepare a set of plans and specifications for the proposed building. After he had completed the plans, he carried them to the office of Mr. Wiersing, the president of Warlick Press, Inc., and upon going over the plans with Mr. Wiersing, he seemed to be well satisfied with them and requested Mr. Lander to submit his bid for the construction of the proposed building. He testified that at this meeting he advised Mr. Wiersing that if in the event his company was not awarded the contract, his company would expect to be paid 6% of the construction cost of the building as compensation for his services in preparing the plans and specifications. He testified that Mr. Wiersing agreed to pay such an amount; that thereafter he submitted his bid to the company in the amount of $94,000.00; that thereafter Mr. Peakman, a representative of defendant company, called him and advised him that the company had refused to accept his bid and had awarded the contract to Mr. Guest; that in this conversation he advised Mr. Peakman that he would expect pay for his services for the preparation of the plans and specifications, to which Mr. Peakman replied, "We certainly intend to do that * * * send us a bill"; that Warlick Press, Inc., then sent one of their representatives to pick up the plans and specifications; that he prepared six sets for their use and turned them over to the representative ond received a written receipt therefor from Mr. Guest; that he sent his bill to the defendant in the amount of $5,038.60, which represents 6% of the construction cost of the proposed building, but that the defendant has never paid the bill nor any part thereof.

Although there is some controversy as to what was meant by the term "construction cost," we think it abundantly clear from Mr. Lander's testimony he meant his proposed, actual, net construction cost. He testified that his bill was based upon his actual net construction cost, including that of all subcontractors. His testimony as to the amount of his proposed construction cost, had he built the building, was however to some extent indefinite. At one place in his testimony he testified that his net cost was $83,000.00, and then testified that it was $83,971.00, and at another place he testified that his actual cost would have been "eighty-three thousand, I would say, eighty-four, right at eighty-four or $85,000."

After a trial before a jury, only two special issues were submitted, viz., whether there was an express oral agreement that plaintiff would be compensated for the plans and specifications at the rate of 6% of *construction cost of said building,* and whether the plans were substantially complete. Each issue was answered in the affirmative in favor of the plaintiff.

Defendant objected to the court's charge before its submission to the jury because the charge did not contain an additional issue concerning damages, i. e., the construction cost of the building. The objection was overruled. Based upon the jury's verdict the Trial Court entered judgment for the plaintiff in the amount of $5,038.60, and from such judgment has perfected this appeal.

■ Appellant has assigned nine points of error. Points 4 and 5 allege error because the Trial Court, over its objection, refused to submit an issue upon construction cost. Appellant asserts that the question of construction cost was material to the ascertainment of damages.

It appears to us that the construction cost of the proposed building is an ultimate, controlling fact issue of the plaintiff's case. Obviously, there must be a finding of fact on this question; otherwise, it would be impossible to calculate the amount of money due and owing the plaintiff under the terms of the contract.

Although the judgment does not contain any findings of fact or otherwise show how the court calculated the $5,038.60 as the amount due, apparently the court reasoned that since the testimony by Mr. Lander on the construction cost of the building was not in any way controverted or disputed, no question of fact was raised on the issue requiring its submission to the jury.

In failing to submit the issue on construction cost, we think the Trial Court fell into error.

As pointed out above, Mr. Lander's testimony was the only testimony offered by the plaintiff on the contract and on the amount of construction cost. Mr. Lander, as president of Lantex Construction Company, was an interested witness. The testimony he gave in connection with construction cost is of such nature that it cannot be readily contradicted if untrue, because his own estimate and opinion of the construction cost was wholly within his own knowledge. Furthermore, as pointed out above, his estimate of the construction cost is somewhat indefinite.

■ It is now well settled that, where "evidence on an issue comes from an interested source, especially where vague, inconsistent, and conflicting in some respects, or where the nature of such testimony is such that it cannot be readily contradicted if untrue, an issue involving the credibility of the witness and the weight to be given his testimony is then presented and the matter must be submitted to the jury for their determination. Carwile v. Roberts, Tex.Civ.App., 11 S.W.2d 549; Goodrich v. Pandem Oil Corp., Tex.Com.App., 48 S.W. 2d 606; Octane Oil Refining Co. v. Blankenship-Antilley Implement Co., Tex.Civ.App., 117 S.W.2d 885; Stanley v. Lieb, Tex.Civ. App., 243 S.W.2d 227; Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640; Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371. The jury, in such cases, may reject the interested testimony and make their findings on circumstantial evidence. Carwile v. Roberts, supra; R. T. Herrin Petroleum Transport Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422.

The fact that Mr. Guest constructed the building for $75,000.00 is a circumstance which the jury might take into consideration in arriving at the cost of construction as testified to by Mr. Lander.

■ As an alternative to reversal, plaintiff urges that we suggest a remittitur. The failure of the trial court, however, to sub-

mit the material issue upon construction cost to the jury cannot be corrected by this Court by remittitur. Southland Life Ins. Co. v. Ballew, Tex.Civ.App., 268 S.W. 1027.

In view of the ruling which we have made in this case, requiring another trial, it is not necessary to discuss the numerous other points of error assigned by appellant.

The judgment of the Trial Court is reversed and the case is remanded.