**TEXAS POWER & LIGHT COMPANY,**
**Appellant,**

v.

**Lavon· E. LOVINGGOOD et ux., Appellees.**

**No. 16456.**

Court of Civil Appeals of Texas.

Dallas.

March 26, 1965.

Rehearing Denied April 23, 1965.

Burford, Ryburn & Ford, Wayne Pearson and John L. Estes, Dallas, for appellant.

Locke, Purnell, Boren, Laney & Neely, and Wayne O. Woodruff, Dallas, and Robert G. Scofield, Lewisville, for appellees.

DIXON, Chief Justice.

Our former opinion in this case is withdrawn and the following is substituted therefor.

Texas Power & Light Company has appealed from a judgment of $38,525 in a condemnation proceeding wherein appellant acquired an easement over land owned by appellees Lavon E. Lovinggood and wife, Elaine Boren Lovinggood.

The parties stipulated that the only issue before the trial court was the amount of money due appellees as damages to appellees' land as a result of appellant's taking the easement rights.

The property owned by appellees prior to condemnation consisted of a tract of 158.18 acres used primarily for agricultural purposes. The easement obtained by appellant by condemnation running across appellees' property is 250 feet wide and contains 14.915 acres.

Of the remainder of appellees' property after the taking, approximately 42 acres lie north of the easement and approximately 102 acres south of the easement. The south 102-acre tract is traversed by Bear Creek, 42 of its acres being north of Bear Creek and 60 acres south of the creek.

There is evidence that the highest and best use for appellees' property is for residential subdivision.

In its first two points appellant complains of the trial court's submitting special instructions Nos. 2 and 3 under Special Issue No. 2 in the court's charge; and of the court's refusal to include in the charge appellant's requested special instructions.

Special instructions 2 and 3 as submitted by the court were as follows:

"2. You are further instructed, that by the terms of the easement obtained by the plaintiff light company through said condemnation proceedings, all rights in, and to, said land, not inconsistent with the right of way easement granted to the plaintiff light company by said condemnation proceedings, are reserved by and to the defendant landowners.

"3. By the term 'easement', as used in this charge, is meant the right to use the 14.9 acres of land of the defendants, for the above specified purposes and none other; so that the title to the property covered by the easement right of way, as well as to the right to use, occupy, and enjoy the property, remains in the defendant landowners, provided, however, that such use, occupancy, and enjoyment of the 14.9 acres by the defendant landowners, does not interfere with the use of said 14.9 acres, for the specified purposes for which said easement and right of way has been acquired by the Texas Power & Light Company, through said condemnation proceedings."

Appellant objected to the instructions given by the court in the above paragraphs 2 and 3 on the grounds that said instructions (a) informed the jury that appellant had the sole determination of the consistency of the use of the easement by appellees, and (b) failed to inform the jury that under the terms of the easement *after* any streets, alleys or tracks have been laid out along or upon the property taken by appellees or subsequent owners, appellant would have no right to interfere in any way with such streets, alleys or tracks so constructed even though the existence of such streets, alleys or tracks interfere with appellant's rights of use, and even though such streets, alleys or tracks are inconsistent with appellant's use of the easement taken.

The special instructions requested by appellant but refused by the court included the substance of the court's instructions but also included additional instructions as follows:

"All wires other than guy wires shall be suspended at a height sufficient to insure a minimum clearance of 22 feet above the ground. * * * plaintiff * * * shall have no right to fence or enclose said land or to use it for any purpose other than as aforesaid, and the right of defendants and subsequent owners of said land to pass back and forth across said land on foot or in vehicles, to cultivate or landscape the same, to raise crops or gardens thereon, or use it for recreation or any other purpose not inconsistent with plaintiff's use of the facilities above mentioned, shall not be obstructed or interfered with, except to the extent above stated.

"The right is reserved to defendants and subsequent owners of said land to lay out, dedicate, construct and maintain roads, streets, alleys, railroad tracks, underground communication conduits, and gas, water and sewer pipelines across said land at any angle of not less than 45 degrees to any electric line thereon, so long as such roads, streets, alleys, tracks, conduits, and gas, water and sewer pipelines do not interfere with any facilities *theretofore* constructed by plaintiff, * * *. Plaintiff shall have no right to erect or install any of its facilities within the traveled portion of any paved road, street, alley or track so constructed *hereafter* across said land by defendants or the subsequent owners of said land * * *.

"The right is also reserved to defendants and the subsequent owners of said land to erect fences not more than 8 feet high across and upon said land, provided all such fences shall have gates, openings, or removable sections at least 10 feet wide which will permit plaintiff reasonable access to all parts of said land." (Emphasis supplied)

▬ In easement condemnation cases the purposes, rights and limitations of the condemnors in the use of easements are of very great variety and must be clearly delineated. As stated in Texas Public Utilities Co. v. Bass, Tex.Civ.App., 297 S.W. 301, "It is a matter of law for the court to determine the nature and extent of the property condemned, *and the jury should be instructed thereon in connection with the rule of compensation or damages applicable to the particular case.*" (Emphasis supplied)

Our Supreme Court in an eminent domain case involving an easement has said:
"It was the function of the petition to describe the nature and extent of the easement required. * * * *It thereupon became the duty of the judge of the that court to explain in detail the extent of the easement* sought to be condemned in order that the jury might properly evaluate the value of both the fifty foot strip and the balance of the tract exclusive of the strip before the taking, as well as afterwards. *Such instructions accurately describing the required easement and the incidents thereto* can hardly be said to constitute

a comment upon the weight of the evidence." (Emphasis supplied) Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524, 529.

Turning to appellant's petition in the instant case we find that it describes not only the limitations and rights of the parties as set out in the court's instructions but in addition describes in detail the limitations on appellant's use as described in the requested instructions.

The instructions given by the court are the instructions approved by the Houston Court of Civil Appeals, speaking through Chief Justice Bell, in Central Power & Light Co. v. Graddy, 318 S.W.2d 943, 947 and copied in Rayburn's "Texas Law of Condemnation," Sec. 178(2). No doubt the instructions were sufficient in the Graddy case and may well be sufficient in many light and power easement condemnation cases. But neither Chief Justice Bell in his opinion nor Judge Rayburn in his work says that the instructions will be sufficient in all light and power easement cases, and we shall not so construe their statements.

■ In this particular case we are of the opinion that the instructions submitted by the court were proper except that they did not go far enough. We have concluded that the court should have submitted the instructions requested by appellant in addition to the instructions which were submitted.

It is important to remember that there is evidence from Lovinggood himself among others that the highest and best use of appellees' property is for residential subdivision. If the property is to remain available for residential subdivision it is of the utmost importance that appellees and their successors have the right to construct roads, streets, storm sewers, underground conduits and water, gas and sewer lines on, over and under the easement. These roads, streets, etc. may not interfere with any facilities *theretofore* constructed by appellant, but appellant does not have the right

to erect any of its facilities within the traveled portion of a road *hereafter* constructed by appellees, or any road now existing.

Appellees' property is bounded on the North by Bear Creek Road, on the West by Houston School Road and on the South by Reindeer Road. All of these are hardsurfaced county roads. Bear Creek and appellant's easement traverse the property and divide it into four parts. Access to the county roads from all parts of appellees' property and the availability of facilities are important factors in evaluating the property for subdivision purposes. This is especially true of the 42 acres between the south line of the easement and the north line of Bear Creek.

Instructions concerning fencing and sewer have been held to be proper. Aycock v. Houston Lighting & Power Co., Tex.Civ. App., 175 S.W.2d 710; Holcomb v. City of Dallas, Tex.Civ.App., 315 S.W.2d 454.

■ Appellees argue that the instructions given by the court are broad enough to include the requested instructions, therefore it was not error to refuse the requested instructions. However, it seems to us that since the court undertook to describe in considerable detail the easement and incidents thereto it should have included all the material details and incidents affecting value, as set out in the requested instructions together with the instructions which the court did give.

■ Appellees also argue that appellant's pleadings were read to the jury and the jury heard the evidence, therefore no harm could have resulted from the omission of the requested instructions. But the force and effect of pleadings and evidence on a jury are much less than the court's instructions. A jury can hardly be expected to remember the details of the condemnor's petition read at the beginning of a trial; neither can the jury know that the rights and limitations of the condemnor in the use of the easement are determined by the peti-

tion. And of course the jury is not required to believe the testimony of the witnesses offered by a condemnor. On the other hand the court's instructions become the law of the case and are to be accepted by the jury as the guide on which they must rely.

In Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191 our Supreme Court held that any error of the court in failing to give the particular instructions requested in that case was harmless. However, in the Hering case the parties stipulated in the presence of the jury that the uses were as set out in the petition, and the petition was then re-read to the jury. Moreover, there was no claim of the excessiveness of the verdict in the Hering case.

The situation here is quite different. As we shall later point out in sustaining appellant's tenth and eleventh points, the amount of the damages found by the jury was excessive. In our opinion the refusal to submit appellant's requested instructions probably caused the jury to return an improper verdict, which in turn led to an improper judgment. Appellant's first point is sustained because the instruction given by the court though correct as far as it went, did not go far enough. The instruction requested by appellant should also have been given. Appellant's second point is sustained.

Appellees' witness Sherman, who qualified as an expert on land values, testified that in his opinion appellees' 158 acres was of a value of $1,000 per acre. In support and explanation of the manner in which he arrived at such opinion he was permitted to testify over appellant's objection that he had considered as comparable to appellees' land a 5-acre tract which sold for $750 per acre and a 3.21-acre tract which sold for $1,500 per acre. He had testified without objection of a tract of 29.045 acres which he had considered comparable and which sold for $750 per acre.

Appellees' expert witness Levy testified that appellees' 158-acre tract was of a value of $800 per acre. He also testified that in arriving at his opinion he had considered the 5-acre tract and the 3.21-acre tract as comparable.

■ In its third point appellant asserts that the court erred in admitting into evidence the testimony of Sherman and Levy as to the sale prices of the 5-acre tract and of the 3.21-acre tract as a basis in forming their opinions of the market value of appellees' land.

Though our deliberations on the point have not been free of doubts we have concluded that it was not error for the court to admit the challenged testimony. We believe our holding here is consistent with our earlier holdings in two cases: Hays v. State, Tex.Civ.App., 342 S.W.2d 167 and State v. Hays, Tex.Civ.App., 361 S.W.2d 401, 403–404. In the latter case we quoted from McCormick & Ray, "Texas Law of Evidence", Vol. 1, page 610, Sec. 835. Without going into details we shall simply state that for the reasons stated in the above two cases we have reached our conclusion on appellant's third point in this case. Appellant's third point is overruled.

■ Appellant's witness Rowan testified that as a basis for his opinion of the value of appellees' property he considered as comparable to appellees' property a tract of 194.67 acres. This property sold for $420 per acre but upon objection the witness was not permitted to inform the jury of the price. Also testimony of a tract of 121 acres which sold for $250 per acre was rejected as a comparable. Both tracts had improvements on them consisting of residence, shed, etc. People were living in the residence on the 194-acre tract. The witness did not know whether the house on the 121-acre tract was occupied. Objection was sustained on the ground that the tracts were improved property. For that reason the jury was instructed not to consider the

sales. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808. We cannot say that the court abused its discretion in rejecting the proffered testimony. Appellant's fourth point is overruled.

■ Appellant's witness Rowan also offered testimony that a tract of 64.63 acres which sold for $410 per acre was comparable to appellees' property. The only objection made by appellees was that the sale occurred after right of way had been obtained for the transmission line across the tract. The objection was sustained. Testimony of appellees' witness Sherman had already been admitted without objection concerning an adjoining tract of 29.045 acres which sold for $670 and had also been bisected by the same transmission line.

We think it was error to reject the offered testimony of Rowan in regard to the sale of the 64.63-acre tract as comparable. Without reiterating what we said in the two Hays cases we shall simply refer to our holdings there in support of our holding here.

■ And there is still another reason why we believe it was error to reject Rowan's testimony. Objection to evidence is unavailing when similar evidence offered by the objecting party has been received without objection. City of Houston v. Howe & Wise, Tex.Civ.App., 323 S.W.2d 134, 138; City of Gladewater v. Dillard, Tex.Civ.App., 312 S.W.2d 530; Hooper v. Courtney, Tex.Civ.App., 256 S.W.2d 462, 465; Cole v. City of Dallas, Tex.Civ.App., 229 S.W.2d 192, 194; Booth v. Crosby, Tex. Civ.App., 248 S.W. 417, 419–420; Decatur Cotton Seed Oil Co. v. Taylor, Tex.Civ.

App., 182 S.W. 401, 402; St. Louis & S. F. Ry. Co. v. Sizemore, 53 Tex.Civ.App. 491, 116 S.W. 403, 409; Porter v. Langley, Tex. Civ.App., 155 S.W. 1042, 1044; 56 Tex.Jur. 2d 499; 23 Tex.Jur.2d 210.

Appellees say that the sales are not comparable because the seller in the sale proposed by appellant was afflicted with cancer. However, it is not shown that this in any way affected the sale as free and open. Appellant's fifth point is sustained.

Appellant's sixth and seventh points are that the undisputed evidence shows that several acts of jury misconduct occurred during the jury's deliberations, which acts caused harm. Appellees on the other hand assert that the evidence is conflicting as to whether the alleged acts occurred, therefore the court's implied finding that they did not occur is binding on this court. Further, appellees contend that in any event no harm has been shown to have resulted. Since we have concluded that this cause must be remanded for another trial and it is unlikely that the acts complained of will occur again, we shall not extend this opinion by passing on appellant's sixth and seventh points.

■ In its eighth and ninth points appellant says that the court should have sustained its amended motion for new trial because the verdict of the jury and the judgment of the court are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

The testimony of the witnesses and the jury verdict were as follows:

| Witness | Value 14.9 acres before | Value 14.9 acres after | Value 143.280 acres before | Value 143.280 acres after | Total Damages |
|---|---|---|---|---|---|
| Lovinggood | $14,900 | $ 745 | $143,280 | $125,880 | $31,555 |
| Sherman | 14,900 | 000 | 143,280 | 133,030 | 25,150 |
| Levy | 11,932 | 1,193 | 114,560 | 93,940 | 31,359 |
| Rowan | 9,000 | 500 | 77,450 | 75,650 | 10,300 |
| Weiss | 9,300 | 300 | 76,550 | 75,000 | 10,550 |
| Jury | 11,920 | 745 | 114,560 | 87,210 | 38,525 |

From the above chart it will be seen that the jury's finding of total damages is approximately $7,000 higher than the damages as testified to by the landowner Lovinggood himself and his witness Levy. It is $13,000 higher than that of the landowner's other witness, Sherman.

Appellees say that the verdict of the jury is well supported by the evidence since it is the province of the jury to accept in part and reject in part the testimony of any witness. Lee v. Briscoe Irrigation Co., Tex.Civ.App., 350 S.W.2d 894; McConnico v. Texas Power & Light Co., Tex.Civ. App., 335 S.W.2d 397; Varnado v. City of Groves, Tex.Civ.App., 329 S.W.2d 100; Houston Lighting & Power Co. v. Adams, Tex.Civ.App., 316 S.W.2d 461. In this connection appellees say that the jury verdict as to the value of the remainder of 143 acres before the taking is less than the value testified to by Lovinggood and Sherman, but more than the values as testified to by Levy, Weiss and Rowan.[1] The chart further shows that the jury verdict as to the value of the remainder after the taking is more than the values testified to by Weiss and Rowan but less than the values testified to by Lovinggood, Sherman and Levy. Thus by accepting the highest of the values before the taking and the lowest after the taking, which the jury had a right to do, the damages found by the jury can be brought within the evidence.

We are not faced here with a "no evidence" situation. We are faced with this question: Are the verdict of the jury and the judgment entered so contrary to the overwhelming weight of the evidence as to be manifestly wrong? We faced a simi-

lar situation in the case of Roberts v. State, Tex.Civ.App., 350 S.W.2d 388. In an opinion in which Justice Williams spoke for the court we found that the verdict was contrary to the overwhelming weight of the evidence. After a careful study of the record as a whole we make the same finding here. Appellant's eighth and ninth points are sustained.

The substance of appellant's tenth and eleventh points is that the court erred in overruling appellant's amended motion for new trial because (10) the verdict of the jury and (11) the judgment of the court are excessive and are not supported by the pleadings. We agree with appellant.

In their written objections to the decision of the Special Commissioners appellees allege the damage to their land as a result of the construction of the power lines to be $33,000. Their prayer asks that appellees "recover their just damages in the sum of $33,000.00" with costs and "such other and further relief to which they may be entitled * * *." Appellee Lavon E. Lovinggood testified that the damage to the 14.9 acres of land over which the easement was taken was $14,155 and the damage to the remainder was $17,400— total damages of $31,555. The jury returned a verdict finding the damages to be $38,525.

In answer to appellant's tenth and eleventh points appellees argue that Paragraph III of their objections could be construed as referring to the 14.9 acres covered by the easement and Paragraph IV could be construed as referring to the remaining 143.2 acres. In each of the paragraphs damages are alleged to be $33,000.[2] Appel-

---

1. Appellees in their brief say that Levy valued the 143.280 acres at $114,400 before the taking.

2. Material parts of Paragraphs III and IV were as follows:
   "III. Lavon E. Lovinggood and wife * * * feel compelled to perfect this appeal of such award, and in this connection would show the Court that if such electric power facilities are constructed

over and across their property as planned, these owners will suffer damages to the market value of their land at least in the amount of $33,000.00.

"IV. Further, Lovinggood and wife would show the Court that the highest and best use for such property is that of development for a high class country home residential area. However, if such high powered transmission line is in-

lees would have us hold that they thus pled for total damages of $66,000 in the body of their written objections. As to their prayer for $33,000 they remind us of the rule stated in Cretien v. Kincaid, Tex.Civ.App., 84 S.W.2d 1094 and other cases, that the amount of damages sought by a pleader must be ascertained from the itemization thereof in the body of the pleadings rather than the general prayer.

Appellees' Paragraphs III and IV are not as we view them susceptible of the construction appellees would have us put on them; nor does a study of the record give any indication that the parties tried this case on the theory of the pleadings now advanced by appellees. Certainly the testimony of appellee Lavon E. Lovinggood contains nothing to suggest he thought he was suing for $66,000 damages.

 In Judge Rayburn's fine work, "Texas Law of Condemnation," Sec. 72(1) he calls attention to the rule that it is not necessary for a defendant in a condemnation case to particularize his damages in his objections, citing Southwestern Public Service Co. v. Goodwine, Tex.Civ.App., 228 S.W.2d 925. We do not disagree with the holding, but we believe that when a defendant elects to allege a specific amount as his damages, the condemnor is entitled to rely on such allegation as restricting the defendant to the amount so claimed. See also "Texas Law of Condemnation," Sections 64(5) and 72(5). In the latter section Judge Rayburn states that when the pleading fails to fix definitely the damages claimed by defendant the evidence of the landowner does so.

Appellant's tenth and eleventh points are sustained.

Since this appeal presents a case of prejudicial error in addition to excessiveness of the judgment, the error can-

not be cured by remittitur. Warlick Press, Inc. v. Lantex Construction Co., Tex.Civ. App., 375 S.W.2d 349; Allen v. Denk, Tex. Civ.App., 87 S.W.2d 303; Perkins v. Lightfoot, Tex.Civ.App., 10 S.W.2d 1030; Southland Life Ins. Co. v. Ballew, Tex.Civ.App., 268 S.W. 1027; Huggins v. Carey, 108 Tex. 358, 194 S.W. 133. Therefore the judgment is reversed and the cause remanded to the trial court for another trial.

Reversed and remanded.

---

stalled across the entire tract as planned, much of the tract will be unsuited for such use and these owners will suffer damage in the amount of $33,000.00 as a

consequence of the construction of such electric transmission line across their property."