Jesse E. WEBB, Petitioner,

v.

**WESTERN CASUALTY AND SURETY COMPANY, Respondent.**

No. B–4849.

Supreme Court of Texas.

Dec. 30, 1974.

Bob Huff & Associates, Mike Millsap, Lubbock, for petitioner.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for respondent.

## PER CURIAM.

This is a workmen's compensation case wherein the petitioner, Jesse Webb, filed a claim for total and permanent disability due to a heart attack suffered in the course of his employment. Webb recovered judgment in the trial court, but the Court of Civil Appeals reversed and remanded, holding that a fact issue of sole cause was raised by the evidence and that such a special issue should have been submitted to the jury.[1] 512 S.W.2d 65. We reverse and render for the plaintiff.

On September 15, 1972, Webb loaded a wheelbarrow with 150 pounds of scrap iron and after pushing the load a distance of some 50 yards and dumping it, he felt a sharp pain in his chest. He was taken to the hospital where his condition was diagnosed as a heart attack. At trial, Dr. McBride testified that in all reasonable medical probability the exertion was the "proximate cause" of Webb's heart attack. Another physician, Dr. Green, stated that the physical strain of lifting the wheelbarrow was the precipitating or triggering

---

1. Trial took place before the September 1973 amendment to Rule 277, Texas Rules of Civil Procedure, which abolished the practice of submitting inferential rebuttal special issues. Prior to this amendment, such an issue was required to be submitted to the jury. Commercial Standard Insurance Co. v. Noack, 62 S.W.2d 72 (Tex.Comm.App.1933); Armour v. Tomlin, 60 S.W.2d 204 (Tex.Comm. App.1933); Texas Employers' Insurance Association v. Beard, 390 S.W.2d 59 (Tex. Civ.App.1965, writ ref'd n. r. e.).

cause of the heart attack. On cross-examination, it was shown that Webb had been a prisoner of war in Burma during World War II and that he suffered from beriberi, emphysema, and atherosclerotic heart disease following this confinement.

Dr. McBride was asked if this attack could have happened without any strain and as the result of the pre-existing heart condition. He replied that it was possible, but it was not reasonable to so assume. Dr. Green was also asked if a piece of plaque could have broken off from a blood vessel and clogged an artery, thereby causing the attack apart from any effect of exertion. He replied: "It's possible, but it's highly unlikely . . . ." This was held by the Court of Civil Appeals to be some evidence to raise the issue of sole cause.

█ Under previous special issue practice, it has been held that the issues of sole cause or sole proximate cause should be submitted when the pleadings and the *evidence* raised such issues. Dixie Motor Coach Corporation v. Galvan, 126 Tex. 109, 86 S.W.2d 633 (1935); Hicks et al. v. Brown, 136 Tex. 399, 151 S.W.2d 790 (1941); Northern Texas Traction Co. v. Woodall, 299 S.W. 220 (Tex.Comm.App. 1927); Montrief & Montrief v. Bragg, 2 S.W.2d 276 (Tex.Comm.App.1928); Horton & Horton v. House, 29 S.W.2d 984 (Tex.Comm.App.1930); Armour & Co. et al. v. Tomlin, 60 S.W.2d 204 (Tex.Comm. App.1933); Commercial Standard Ins. Co. v. Noack, 62 S.W.2d 72 (Tex.Comm.App. 1933). However, when no evidence of sole cause was introduced, no issue was raised for the jury. Export Insurance Company v. Johnson, 401 S.W.2d 324 (Tex.Civ.App. 1966, writ ref'd n. r. e.).

█ In this case, the doctors supported the defendant's contention only with opinions of medical *possibility*—that the heart attack "could have" been caused by the pre-existing heart condition. Furthermore, they repudiated this explanation of the attack as highly unlikely. They did not state as their medical opinion that the injury was in fact, or in reasonable medical probability, caused solely by the pre-existing condition. Causal connection must be proved upon the strength of reasonable probability; otherwise the relationship between pre-existing condition and injury can be no more than conjecture. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1 (1949); Insurance Company of North America v. Myers, 411 S.W.2d 710 (Tex.1966); Parker v. Employers Mutual Liability Insurance Company of Wisconsin, 440 S.W.2d 43 (Tex.1969). Although this Court held in Myers, *supra,* that reasonable medical probability is determined by the substance of the testimony and does not turn on semantics, the testimony here demonstrating mere possibility is in no way equivalent to testimony establishing reasonable probability.

There being no evidence tending to prove that Webb's pre-existing heart condition was the sole cause of his heart attack, the trial court was correct in refusing to submit such a special issue.

Since the decision of the Court of Civil Appeals is in conflict with our prior holdings requiring evidence to raise the sole cause issue, and with our holdings requiring evidence of causation in terms of reasonable probability, we grant writ of error and, without hearing oral argument, reverse the judgment of the Court of Civil Appeals and affirm the judgment of the district court. Rule 483, Tex.R.C.P.