CHARTER OAK FIRE INSURANCE
COMPANY, Appellant,

v.

George B. TAYLOR, Appellee.

No. 01–82–0821–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 1, 1983.

Craig Smyser and Barbara Radnofsky, Houston, for appellant.

Charles Browning and John Campbell, Houston, for appellee.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellant seeks reversal of the trial court's judgment ordering it to pay workers' compensation benefits for total and permanent disability to appellee, George B. Taylor, for a back injury he incurred while in the course and scope of his employment with the Goodyear Tire and Rubber Company.

In its sole point of error, appellant complains of the refusal by the trial court to submit its tendered instruction to the jury relating to "sole cause."[1] Appellant contended that a pre-existing back condition, rather than the injury sustained in the slip-and-fall accident, was causing appellee's current disability. Medical testimony in support of both parties was presented at trial from depositions to the effect that appellee is currently suffering from a long-term degenerative spine condition called "stenosis," defined as a narrowing or closing down of the canal carrying the spinal

cord. Appellant contends that the trial court abused its discretion in refusing the "sole cause" instruction, as the evidence supported submission of this instruction, and that its refusal deprived appellant of a legal defense to appellee's claim by not allowing the jury to consider its defense of "sole cause."

Prior to the 1973 amendment to Rule 277 of the Texas Rules of Civil Procedure, "sole cause" was submitted to the jury as a special issue, when the pleadings and evidence raised the point. *Webb v. Western Casualty and Surety Co.*, 517 S.W.2d 529 (Tex. 1974). The rule, as amended now, states that "inferential rebuttal issues shall not be submitted." Tex.R.Civ.P. 277. "Sole cause" and "sole proximate cause" issues constitute inferential rebuttal issues, and as such are no longer submitted to the jury. *Sendejar v. Alice Physicians and Surgeons Hosp.*, 555 S.W.2d 879 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) See also *McCane Sondock Detective Agency v. Penland Distributors*, 523 S.W.2d 62 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

An "inferential rebuttal" has been defined as an issue which disproves the existence of an essential element submitted in another issue. *Select Ins. Co. v. Boucher*, 551 S.W.2d 67 (Tex.Civ.App.-Houston [1st Dist.] 1977), *affirmed*, 561 S.W.2d 474 (Tex. 1978). Thus, in appellant's case, if the pre-existing back condition was found to be the "sole cause" of appellee's disability, this would negate the possibility that the industrial injury was a *producing cause* of appellee's problems. By virtue of Rule 277, inferential rebuttal issues should be submitted to the jury by way of instruction. *Select, supra.* Appellant argues, however, that the rule *mandates* that the instruction be given. This is not the case. The trial court has considerable discretion in deciding what instructions are necessary and proper in submitting issues to the jury. *Thomas v. St. Joseph's Hosp.*, 618 S.W.2d 791 (Tex.Civ.

---

1. There may be more than one producing cause of an incapacity, but there can be only one sole cause. If an injury or condition was the sole cause of an incapacity, then no other injury or condition could have been a producing cause. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES § 25.01 (Supp.1976).

App.-Houston [1st Dist.] 1981, no writ). Rule 277 says "the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict." Tex.R.Civ.P. 277. In *McCane Sondock Detective Agency v. Penland Distributors, supra,* the court held that a "sole proximate cause" issue, which is an inferential rebuttal, is to be submitted as an instruction. The court noted that Rule 277 required such explanatory instructions be submitted as shall be *proper* to enable the jury to render a verdict. The court held that "the sufficiency of the explanations necessary to that end is largely left to the discretion of the trial judge." *McCane,* 523 S.W.2d at 67. Thus, it is clear that the standard of review is abuse of discretion.

■ In order to determine whether an abuse of discretion was committed, we must examine the inferential rebuttal cases to determine what was required in order for a party to have been entitled to such instruction. These cases reveal that the requested instruction should be given only if there are pleadings raising the issue and there is *some* evidence presented at the trial in support thereof. In *Webb, supra,* the Supreme Court found that *no* evidence was presented to raise the issue of "sole cause." The Court said that no evidence was raised when the doctor, testifying about a pre-existing condition being the only cause of a heart attack, said it was *possible,* but highly *unlikely. Webb,* 517 S.W.2d 529 (Tex.1974). Appellant points out that while one of the examining physicians testified in the case at bar that it was *possible, not probable,* that a person might heal from a soft-tissue injury but still suffer incapacity from the pre-existing stenosis, he did not repudiate this as highly unlikely, as was done in *Webb.* The Texas Supreme Court has held that the *substance* of a doctor's testimony, rather than the use of magic words like "reasonable medical probability", determines the testimony's content and meaning; the content and meaning do not turn on formal semantics. *Ins. Co. of North America v. Myers,* 411 S.W.2d 710 (Tex.1966). In *Evans v. Casualty Reciprocal Exchange,* 579 S.W.2d 353 (Tex.Civ.App.-Amarillo 1979, writ ref'd

n.r.e.), no error was found in the trial court's submission of a "sole cause" instruction, where there was ample evidence to support the jury's findings that no incapacity existed from the injury. Pleadings must raise the issue and the evidence must show the causal connection between the pre-existing condition and the injury "upon the strength of reasonable probability." In deciding a factual sufficiency point on appeal, the reviewing court must consider and weigh all the evidence. *In re King's Estate,* 244 S.W.2d 660 (Tex.1951); *Corpus Christi Bank & Trust v. Roberts,* 587 S.W.2d 173 (Tex.Civ.App.-Corpus Christi 1979), *affirmed* 597 S.W.2d 752 (Tex.1980).

Ample evidence was presented in the doctors' testimony to raise "sole cause." One doctor testified that it was only possible, not probable, that the problems appellee continued to have could have resulted only from the degenerative spine condition rather than from his industrial injury. Another physician testified that he thought

> the basic disease was one of degeneration and that his fall probably caused—again, I didn't see him at the time—but probably caused some acute muscular thing which prevented him from working at the time but certainly didn't cause the extensive basic disease which is present.

The same doctor further testified . . . "most, if not all, of his symptoms are secondary to a degenerative problem in the spine rather than a traumatic one." A third doctor testified that based on a reasonable medical probability, the stenosis appellee was suffering from was not caused by the fall he had taken.

■ We hold that it is the trial judge's duty to determine whether the doctrine of "sole cause" has been raised by the evidence admitted in the case. If he finds that there is such evidence tending to establish the necessary elements of the doctrine, then it is clearly his duty to submit such explanatory instructions as are proper to enable the jury to render a just verdict. See *Erickson v. Deayala,* 627 S.W.2d 475 (Tex.App.-Corpus Christi 1981, no writ), where the court

pointed out that since inferential rebuttal issues are prohibited by Rule 277, if there is some evidence of "sudden emergency," the defendant is entitled to a suitable explanatory instruction or definition. We hold that the pleadings and evidence in this case raised the issue and the instruction was necessary and proper to enable the jury to render a just verdict. The jury was entitled to know about, and consider, appellant's affirmative defense.

 Appellee argues that any error, if committed, was harmless under Rule 434 Tex.R.Civ.P. and cured by appellant's extensive final argument before the jury that it was the stenosis and not the injury which caused the appellee's incapacity. We cannot agree because the jury did not get the benefit of the definition of "sole cause" in its charge. Such definition would have given the jury a more complete perspective of how the case should be analyzed, as the existence of "sole cause" negates the existence of any "producing cause." In making the determination whether appellant has been harmed by the error complained of under Rule 434, the reviewing court must consider the record *as a whole. Texas Power and Light Co. v. Hering,* 148 Tex. 350, 224 S.W.2d 191 (1949). In an eminent domain case, *Texas Power and Light Co. v. Lovinggood* 389 S.W.2d 712 (Tex.Civ.App.-Dallas 1965, writ ref'd n.r.e.), the Court of Appeals reversed the trial court, finding that it was harmful error to refuse to submit appellant's requested instructions. The appellee argued that the appellant's pleadings were read to the jury and the jury heard the evidence; therefore, no harm could have resulted from the omission of the requested instruction. The court held that the force and effect of pleadings and evidence are much less than the court's instructions. "The court's instructions become the law of the case and are to be accepted by the jury as the guide on which they must rely." *Id.* at 716, 717.

In considering the record as a whole, we find that the trial court's failure to give the requested instruction was an abuse of discretion and deprived the appellant of a de-

fense to the appellee's claim. Appellant's final jury argument did not cure the error. The definition of "sole cause" was necessary to enable the jury to render a proper, well balanced, and just verdict.

Appellant's point of error is sustained, and the cause is remanded for a new trial.